# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:97-CV-00262-FDW

| | |
|---|---|
| ERIC L. WHITENER, | ) |
|       Petitioner, | ) |
| vs. | )     ORDER |
| UNITED STATES OF AMERICA, | ) |
|       Respondent. | ) |

THIS MATTER comes now before the Court upon Petitioner's Motion to Vacate this Court's Order of June 6, 1997 (Doc. No. 6) pursuant to Federal Rule of Civil Procedure 60(b)(4). Finding that the Order in question is indeed void, the Court hereby GRANTS Petitioner's Motion.

The pertinent facts surrounding Petitioner's arrest, indictment, conviction, and sentence to life plus 105 years can be found in a previous Order of this Court. (See Doc. No. 9.) On May 2, 1997, Petitioner brought a motion to Vacate, Correct, or Set Aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1). However, Petitioner subsequently filed a motion to dismiss that action pursuant to Federal Rule of Civil Procedure 41(a)(1) (Doc. No. 4). This Court granted Petitioner's 41(a)(1) motion on June 4, 1997, and Petitioner now moves the Court to vacate that order as void. The Court agrees that the order of June 4, 1997 is void.

As the United States Court of Appeals for the Fourth Circuit has recently stated:

> A voluntary dismissal under Rule 41(a)(1)(i) is "a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." After an action is voluntarily dismissed, the [district] court "lacks authority to conduct further proceedings on the merits." "[A] judgment on the merits that is entered after the plaintiff has filed a proper 41(a)(1)

notice of dismissal is . . . void."

Jackson v. U.S., No. 05-7935, 2007 WL 2349339, at * 1 (4th Cir. Aug. 17, 2007) (internal citation omitted) (quoting In re Matthews, 395 F.3d 477, 480 (4th Cir.2005); Marques v. Federal Reserve Bank, 286 F.3d 1014, 1018 (7th Cir.2002)). Thus, it was Petitioner's 41(a)(1) motion itself that dismissed his § 2255 petition, not this Court's order, which was in fact void. Jackson, 2007 WL 2349339, at * 1. Because "[m]otions attacking a judgment as void under Rule 60(b)(4) have no time limit," Petitioner's Motion is of necessity timely. Id. at *2.

What is less clear, however, is Petitioner's objective in seeking to have this Court's previous Order declared void. Although the Fourth Circuit made clear that the result of such an action is that Petitioner "will not need authorization from this court to file a § 2255 motion," it also stated that its decision "will have no effect on whether any future § 2255 motion filed by [Petitioner] will be timely." Id. at *2 n.2. Section 2255 has a clearly defined time limitation:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As the Fourth Circuit's opinion in Jackson suggests, any future § 2255 motions Petitioner may now be contemplating would be untimely in light of this provision given the fact that his conviction became final nearly seventeen years ago.

For the reasons stated above, Petitioner's Motion to Vacate this Court's order of June 4,

1997, pursuant to Federal Rule of Civil Procedure 60(b)(4), is hereby GRANTED.

IT IS SO ORDERED.	Signed: November 13, 2007

Frank D. Whitney
United States District Judge